## HENDRICKSON *v.* GODSEY.

Decided January 24, 1891.

1. *Usury—Gift.*
   A loan of money at the highest lawful rate of interest, made under the inducement of a promise by the borrower that he would make a valuable gift of personal property to the lender, is usurious.

2. *Usury—Bonus paid to agent of lender.*
   When a daughter, in effecting a loan for her mother, reserved to herself a bonus in excess of the highest lawful interest, without her mother's knowledge and under circumstances from which such knowledge can not be reasonably presumed, the loan is not usurious.

3. *Mortgage—Consideration partly usurious.*
   Where part of the consideration of a mortgage is usurious, the whole security is void.

APPEAL from *White* Chancery Court.

DAVID W. CARROLL, Chancellor.

Suit by Mary and Julia Godsey against Hendrickson to foreclose a mortgage on land. The defense of usury was interposed. The court decreed that the lien be foreclosed. Hendrickson has appealed. The facts necessary to its understanding are stated in the opinion.

*W. R. Coody* for appellant.

The transaction was usurious and void. The reservation need not be in the form of interest. It may be included as principal, or paid as a bonus. See Tyler, Usury, pp. 102, 368; 2 Barb., 56; 29 How. Pr., 280; 32 N. Y , 119; 2 Halst. (N. J.) Chy., 73; 4 Bibb, 327; 51 Ark., 544; *ib.*, 548; Tied. on Com. Paper, sec. 196. A note usurious in its inception cannot be validated by crediting the usury. 35 Ark., 277. No corrupt agreement is necessary if it was the intention to reserve more than 10 per cent. 41 Ark , 339. The whole transaction is void. Mansf. Dig., sec. 4736; 48 Ark., 479.

The appellees *pro se.*

The present to Julia was a mere gift and not a bonus. No corrupt agreement, device or shift to cover usury is shown. 25 Ark., 191; 41 Ark., 331. Appellant obtained the money by strategy and deception, and is entitled to no protection, and should be held responsible for his own act. He is estopped by his own acts. 30 Barb., 628; 37 N. Y. Sup. Ct. (5 J. & S.), 285; 3 Barb. App. Dec., 285; 35 How. Pr., 478.

1. Usury— HEMINGWAY, J. A loan of money at the highest lawful
Gift. rate of interest, made under the inducement of a promise by the borrower that he would make a valuable gift of personal property to the lender, is usurious. The gift is such only in name; in law and in fact it is a part of the price paid for the use of money. The loan by Julia Godsey of money, a part of which belonged to her and the remainder to Mary Godsey, was induced by the promise that Hendrickson would pay the highest rate of interest allowed by law, and

in addition thereto permit Julia to take from his store merchandise of a value equal to interest on the sum lent at the rate of 5 per cent. per annum. She afterwards got from his store merchandise in excess of that amount; no charge was made against her for such goods up to an amount equal to 5 per cent. on the money loaned, but the excess was charged to her account.

It appears that Mary Godsey had no knowledge of, and received no part of, the excessive charge; and there was nothing in the written contract, or in the character of the transaction, to give her notice thereof. She was a very old woman, and her money was lent by her daughter. She had a right to expect that the daughter would make the loan for her without compensation. Therefore the loan of that part of the money that belonged to her was not affected by the usurious taint. *Vahlberg* v. *Keaton,* 51 Ark., 534; *Thompson* v. *Ingram,* 51 Ark., 546. But the loan of Julia's money was made in violation of law, and one note and one mortgage taken to secure the entire sum lent. In a suit founded on that note and mortgage can Mary recover the amount lent by her? This question must be answered in the negative, for if any part of a consideration is illegal, the whole consideration is void. 1 Pars. Con., p. 457. "If a statute declares that any security taken for a matter prohibited shall be void, and an action is brought on a security taken for that which is unlawful but is blended with that which is lawful, the whole security is void, because the letter of the statute makes it void and is a strict law." *Yundt* v. *Roberts,* 5 S. & R., 139.

In an action on the case upon several promises, in which the first count was laid upon a bill of exchange drawn to cover a sum lost at play and also a sum lent, and the second upon a promise to pay the money lent, it was held that no recovery could be had on the bill, because a part of the consideration was illegal, but that a recovery could be had on the promise to pay the money lent. *Robinson* v. *Bland,* 2 Bur., 1077. As the securities in this case were given for an

2. Bonus paid to lender's agent.

3. Consideration of mortgage partly usurious.

entire consideration, we think they are void under our constitution; and, as it does not appear by the pleadings, or proof what amount of the money lent belonged to Mary Godsey, she cannot recover in this suit upon the contract for money lent.

The judgment will be reversed and the bill dismissed; but the dismissal will be without prejudice to the right of Mary Godsey, if any she have, to bring such other action as she may be advised.